IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Darren L. Cranford, ) | C/A No. 9:20-cv-03964-DCC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kilolo Kijakazi,[1] Acting Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff, proceeding pro se and in forma pauperis, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Disability Insurance Benefits and Supplemental Security Income. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On June 15, 2021, the Magistrate Judge extended the period for Plaintiff to file his brief until July 15, 2021. ECF No. 28. After the extension deadline passed, the Commissioner filed a Motion to Dismiss for lack of prosecution on July 22, 2021. ECF No. 32. The Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 33. Despite this explanation, Plaintiff has not responded to the Motion.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Fed. R. Civ. P. 25(d), she is substituted for former Commissioner Andrew Saul as the defendant in this action.

The Magistrate Judge issued a Report and Recommendation ("Report") on September 8, 2021, recommending that the Court grant the Commissioner's Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b).  ECF No. 35.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff has not filed objections to the Report and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report.  Accordingly, after considering the record in this case, the applicable law, and the findings and recommendations of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge.  Therefore, the Commissioner's Motion

to Dismiss [32] is **GRANTED** and this action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

    IT IS SO ORDERED.

                              s/ Donald C. Coggins, Jr.
                              United States District Judge

October 26, 2021
Spartanburg, South Carolina